```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MAURICE GAY,                          :
                                      :    Civil Action No. 11-6237 (PGS)
            Plaintiff,                :
                                      :
      v.                              :    **MEMORANDUM OPINION**
                                      :
2008 ONPOINT,                         :
                                      :
            Defendant.                :

**APPEARANCES**:

Plaintiff pro se
Maurice Gay
Trenton State Prison
P.O. Box 861
Trenton, NJ 08625

**SHERIDAN**, District Judge

Plaintiff Maurice Gay, a prisoner confined at Trenton State Prison in Trenton, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay

the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350[1] filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis

---

[1] Plaintiff used an out-of-date form of Civil Rights Complaint, for use by a prisoner, which states that the filing fee is $150. The filing fee is now $350.

2

actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed either to prepay the filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

In addition, although only Plaintiff Maurice Gay is named as a Plaintiff in the caption of the Complaint, and only Plaintiff Maurice Gay signed the Complaint, in the text of the Complaint at Paragraphs 4(a) and 5, two Plaintiffs are identified: Maurice Gay

and Bernard Jenkines.  Thus, it is not clear to the Court whether Mr. Jenkines seeks to participate as a plaintiff in this action. If Mr. Jenkines seeks to join in this action, he must sign the Complaint, see Fed.R.Civ.P. Rule 11,[2] and, if he desires to proceed in forma pauperis, he must submit a separate application for leave to proceed in forma pauperis.

If the filing fee is not pre-paid, each plaintiff must submit a complete application for leave to proceed in forma pauperis and, if granted leave to so proceed, each plaintiff must pay the filing fee in installments.  See Hagan v. Rogers, 570 F.3d 146, 150 (3d Cir. 2009); 28 U.S.C. § 1915.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff(s) will be granted leave to move to re-open within 30 days.[3]

---

[2] Pursuant to Rule 11(a) the Court must strike an unsigned pleading if the omission is not promptly corrected after being brought to a party's attention.

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice

An appropriate Order will be entered.

*s/Peter G. Sheridan*
Peter G. Sheridan
United States District Judge

Dated:  November 15, 2011

---

v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).